I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY Petitioner
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 5/22/12
D. Vo
DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
MAY 23 2012
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JIMMY IBARRA,

    Petitioner,

vs.

RANDY GROUND, Warden,

    Respondent.

Case No. EDCV 12-0796-DSF (RNB)

ORDER TO SHOW CAUSE

On or about April 24, 2012, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein.[1] The Petition purports to be directed to a conviction sustained by petitioner in San Bernardino County Superior Court on April 4, 2003, for which petitioner was sentenced on May 14, 2003 to an aggregate term of 22 years in state prison. (See Pet. at ¶ 2.) Petitioner purports to be alleging the following two grounds for relief:

---

[1] The Ninth Circuit has held that the prison mailbox rule applies to a habeas petitioner's state and federal filings. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). Although the Petition does not include a proof of service page, April 24, 2012 is the signature date and thus the earliest date on which petitioner could have turned the Petition over to the prison authorities for mailing.

1

1. The denial of petitioner's motion for a pretrial lineup was a denial of his federal rights to due process and a fair trial. (See Attachment to Petition at 2-27.)

2. The trial court's selection of an upper term on Count 1 and consecutive sentencing on Count 3 rested upon facts found by the court by a preponderance of the evidence, not by the jury beyond a reasonable doubt, and thus deprived petitioner of his Sixth Amendment right to trial by jury. (See Attachment to Petition at 28-42.)

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[2] 28 U.S.C. § 2244(d) provides:

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution

---

[2] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

2

or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

  Here, it appears from the face of the Petition that the California Supreme Court denied petitioner's Petition for Review on May 19, 2004. (See Pet. at ¶ 4.c.) Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on August 17, 2004, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Thus, if measured from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review," petitioner's last day to file his federal habeas petition was August 17, 2005. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

  From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because neither of the claims alleged in the Petition appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral

3

review.[3] Finally, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that petitioner was aware of the **factual** predicate of both of his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). Indeed, according to petitioner, both claims were raised on direct appeal to the California Court of Appeal, prior to the date his judgment of conviction became final. (See Pet. at ¶ 3.b)

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was August 17, 2005. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No basis for statutory tolling under § 2244(d)(2) appears to exist here. In response to the question on the habeas petition form asking whether petitioner previously filed any habeas petitions in any state court with respect to this judgment of conviction, petitioner checked off the "no" box. (See Pet. at ¶ 6.)

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, - U.S. -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see

---

[3] Although petitioner's sentencing error claim purports to be based in part on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the Court notes that Blakely was decided on June 24, 2004, which was nearly two months **prior** to the date on which petitioner's judgment of conviction became final. Moreover, the Ninth Circuit has held that Blakely does not retroactively apply to cases on collateral review. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).

1 also Holland, 130 S. Ct. at 2562. Here, petitioner has not purported to make any such showing in the Petition.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **June 25, 2012**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED: May 22, 2012

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE