I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 8-8-12

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY IBARRA,<br><br>           Petitioner,<br><br>    vs.<br><br>RANDY GROUND, Warden,<br><br>           Respondent. | Case No. EDCV 12-0796-DSF (RNB)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed by petitioner, and the Court has engaged in a <u>de novo</u> review of those portions of the Report and Recommendation to which petitioner has made objections.

With respect to the issues of when the limitation period commenced running, whether petitioner is entitled to any statutory tolling of the limitation period, and whether petitioner is entitled to any equitable tolling of the limitation period, the Court accepts the findings of the Magistrate Judge.

To the extent that petitioner's objections could be liberally construed as an attempt to invoke the "actual innocence" or "fundamental miscarriage of justice" exception to the statute of limitations, the Court notes that, for such exception to

apply, the petitioner must show that a constitutional violation probably has caused the conviction of one who is actually innocent of the crime. See Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Under Schlup, petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003). The Supreme Court further held in Schlup that, "[t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." See Schlup 513 U.S. at 324. Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327.

Here, petitioner has not even purported to adduce the kind of new reliable evidence described in Schlup; nor has he even purported to make the requisite showing that he is actually innocent of the crimes of conviction (i.e., two counts of robbery and one count of unlawfully taking a vehicle). Rather, he merely is challenging the denial of his motion for a pretrial lineup and contesting the legality of his sentence.

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: 8/6/12

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE