

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: _____8.8.12_____

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

AUG - 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JIMMY IBARRA,

    Petitioner,

   vs.

RANDY GROUND, Warden,

    Respondent.

)
)
)
)
)
)
)
)
)
)

Case No. EDCV 12-0796-DSF (RNB)

ORDER ACCEPTING FINDINGS AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

   Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed by petitioner, and the Court has engaged in a _de novo_ review of those portions of the Report and Recommendation to which petitioner has made objections.

   With respect to the issues of when the limitation period commenced running, whether petitioner is entitled to any statutory tolling of the limitation period, and whether petitioner is entitled to any equitable tolling of the limitation period, the Court accepts the findings of the Magistrate Judge.

   To the extent that petitioner's objections could be liberally construed as an attempt to invoke the "actual innocence" or "fundamental miscarriage of justice" exception to the statute of limitations, the Court notes that, for such exception to

1

1   apply, the petitioner must show that a constitutional violation probably has caused the
2   conviction of one who is actually innocent of the crime. See Schlup v. Delo, 513 U.S.
3   298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Under Schlup, petitioner must
4   establish his factual innocence of the crime, and not mere legal insufficiency. See
5   Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828
6   (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003). The Supreme
7   Court further held in Schlup that, "[t]o be credible, such a claim [of actual innocence]
8   requires petitioner to support his allegations of constitutional error with new reliable
9   evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness
10  accounts, or critical physical evidence--that was not presented at trial." See Schlup
11  513 U.S. at 324. Further, "the petitioner must show that it is more likely than not that
12  no reasonable juror would have convicted him in light of the new evidence." Id. at
13  327.

14      Here, petitioner has not even purported to adduce the kind of new reliable
15  evidence described in Schlup; nor has he even purported to make the requisite
16  showing that he is actually innocent of the crimes of conviction (i.e., two counts of
17  robbery and one count of unlawfully taking a vehicle). Rather, he merely is
18  challenging the denial of his motion for a pretrial lineup and contesting the legality
19  of his sentence.

20      IT THEREFORE IS ORDERED that Judgment be entered denying the Petition
21  and dismissing this action with prejudice.

22
23  DATED:  __8/ 6 / 12__

24
25                                        _____
26                                        DALE S. FISCHER
                                          UNITED STATES DISTRICT JUDGE
27
28

                            2